STATE OF WEST VIRGINIA

*v.*

ALFRED WINFRED KANNEY

(NO. 15165)

DECIDED MARCH 26, 1982.

*Askin & Burke and Steven M. Askin* for appellant.

*Chauncey H. Browning*, Attorney General, *and Jon Anthony Reed*, Deputy Attorney General, for appellee.

PER CURIAM:

Alfred Winfred Kanney appeals from a conviction of obtaining money by false pretenses in violation of *W. Va. Code*, 61-3-24. The principal assignment of error relied on for reversal is that the prosecuting attorney's statements during closing argument were so fundamentally improper that they constitute reversible error. We agree and reverse.

Kanney was jointly indicte for obtaining money by false pretenses but was tried separately in the Circuit Court of Pendleton County. The conviction of Kanney's co-indictee

was reversed because of prosecutorial misconduct in closing argument in *State v. Critzer*, ___ W.Va. ___, 280 S.E.2d 288 (1981). Most of the facts surrounding the offenses are set out in that opinion and need not be repeated here. Kanney presented an alibi defense at trial and presented evidence for the purpose of showing he had been misidentified as the person who had been given the money by the victims.

The closing argument in this case is remarkedly similar to the closing argument found to constitute reversible error in *Critzer*. There, as here, the prosecutor failed to set a tone of fairness and impartiality and assumed the role of a partisan. Every prosecuting attorney should know and heed what we said in syllabus point 3 of *State v. Boyd*, 160 W.Va. 234, 233, S.E.2d 710 (1977):

> "The prosecuting attorney occupies a quasi-judicial position in the trial of a criminal case. In keeping with this position, he is required to avoid the role of partisan, eager to convict, and must deal fairly with the accused as well as the other participants in he trial. It is the prosecutor's duty to set a tone of fairness and impartiality, and while he may and should vigorously pursue the State's case, in so doing he must not abandon the quasi-judicial role with which he is cloaked under the law."

Rather than affording Kanney his right to a fair trial, the prosecutor here expressed his personal opinion as to the guilt of the accused, asserted his personal belief in the honesty, sincerity, truthfulness, and good motives of his witnesses, while attacking the honesty and veracity of the defendant's witnesses. For example, Kanney called a former employee of the FBI and CIA to testify in support of his alibi defense. The prosecutor in closing argument indicated that if all people who worked for the CIA and the FBI were like Kanney's witness, it was "no wonder the world is going to hell", "no wonder we got in trouble in Iran and no wonder we got 'ol' Khomeini over there ..." The prosecutor also remarked that the defendant had not called as witnesses "any christian people ... who told you they went to church, that they saw Kanney in church on

or about that Sunday. . . ." He referred to Kanney and his alleged accomplice as regular con-men. A further enumeration of the prosecutor's remarks would serve no salutary purpose.

Although this Court is loath to interfere with the argument of counsel or a trial court's discretionary decisions in regard to the propriety of argument to the jury, it is well established in our system of jurisprudence that regardless of a criminal defendant's status in life or the probability of guilt, he is entitled to a fair trial in accordance with the existing rules and principles of law. While the defense attorney in this case did not object to every statement of the prosecutor, we think sufficient objection was made to preserve the point for appellate review, and we would add that when a prosecuting attorney's closing argument clearly goes beyond the bounds of propriety, the trial court has a duty to intervene to limit and to attempt to correct any impropriety in the interest of ensuring that the defendant receives a fair trial. What we said in *State v. Myers*, 159 W.Va. 353, 222 S.E.2d 300, 306 (1976), bears reiterating:

"We are not unaware of the difficulties faced by a trial court, particularly in a criminal proceeding. The careful balance which must be maintained by the trial court in protecting the right of the accused to a fair trial, while at the same time recognizing that the State has an equal right to a fair trial, poses substantial problems which a trial court must be prepared to resolve almost instantly. Nonetheless, we take this opportunity to point out that the proceedings at trial must be so conducted as to reflect that the trial court has given careful attention to the balancing of these interests."

If the prosecutor had only made an isolated improper remark, we would be inclined to find such remark was not clearly prejudicial, but the misconduct here was pronounced and persistent and the probable cumulative effect upon the jury cannot properly be disregarded as inconsequential. We conclude the defendant was denied his fundamental right to a fair trial.

We have carefully considered Kanney's other assignments of error and find them either to be without merit or not to warrant discussion in view of the reversal on another ground.

For the foregoing reasons, the judgment of the Circuit Court of Pendleton County is reversed and the case is remanded for a new trial.

*Reversed and remanded;*
*New trial awarded.*